Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
Geoffrey H. Baskerville, I.D. No. GB 2716
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES S. AUSTIN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | COMPLAINT |
| VERISK ANALYTICS INC., ) | |
| and ) | |
| INTELLICORP RECORDS, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | NON-ARBITRATION |
| ) | |

**Preliminary Statement**

1.  This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

**Jurisdiction and Venue**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**Parties**

4. Plaintiff James S. Austin is an adult individual who resides in Glendale, NJ 85302.

5. Defendant Verisk Analytics, Inc., ("Verisk") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Verisk regularly conducts business in the District of New Jersey, and has a principal place of business at 545 Washington Boulevard, Jersey City, NJ 07310.

6. Defendant IntelliCorp Records, Inc., ("IntelliCorp") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. IntelliCorp regularly conducts business in the District of New Jersey, and has a principal place of business at 3000 Auburn Drive, Suite 410, Beachwood, OH 44122.

7. At all times material hereto, IntelliCorp was a subsidiary of Verisk and a member of the Verisk family of companies, and Verisk and IntelliCorp work in concert with each other in connection with the collection of information and preparation the consumer reports relevant herein.

**Factual Allegations**

8. Verisk is a leading source of information which offers risk assessment and decision analytic services to its clients.

9. Through its subsidiary, IntelliCorp, Verisk is a leading provider of background checks and employee screening.

10. IntelliCorp is also a repository of nationwide criminal records.

2

11. The FTC has promulgated regulations that specifically prohibit businesses such as Defendants from attempting to avoid FCRA liability through "creative" corporate structures.

12. Specifically, the FTC provides:

> (a) A consumer reporting agency shall not circumvent or evade treatment as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined under section 603(p) of the Fair Credit Reporting Act, 15 U.S.C. 1681a(p), by any means, including, but not limited to:
> (1) Corporate organization, reorganization, structure, or restructuring, including merger, acquisition, dissolution, divestiture, or asset sale of a consumer reporting agency; or
> (2) Maintaining or merging public record and credit account information in a manner that is substantially equivalent to that described in paragraphs (1) and (2) of section 603(p) of the Fair Credit Reporting Act, 15 U.S.C. 1681a(p).  16. C.F.R. § 611.2.

13. In or around April 2013, Plaintiff applied for employment as an equipment operator at a company called Rummel Construction Inc. ("Rumco").

14. Plaintiff interviewed for the position and was provisionally hired by Rumco, contingent upon a background check.

15. Rumco requested from the Defendants, and the Defendants sold to Rumco, a consumer report concerning the Plaintiff on or around April 15, 2013.

16. The consumer report furnished by Defendants was for employment purposes.

17. This consumer report contained at least one item of information which was a matter of public record and likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with Rumco.

18. Defendants have been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

19. The inaccurate information includes, but is not limited to, felony charges for

3

money laundering and possession of a controlled substance with the intent to sell or distribute.

20. The inaccurate information disparages the Plaintiff and portrays him as a serial criminal which he is not. There is perhaps no greater error that a consumer reporting agency can make. The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information.

21. The derogatory inaccuracies appear to be caused by the Defendants mixing Plaintiff James Austin's consumer report with that of another individual with a similar name. Any rudimentary inspection of the data would reveal the inaccuracies. Defendants failed to employ such a procedure.

22. In creating and furnishing the Plaintiff's consumer report, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information they reported about the Plaintiff. For example, Defendants allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, living at a different address, within Plaintiff's consumer report.

23. Upon information and belief, the Plaintiff alleges that Defendants never sent him a notice as required by 15 U.S.C. § 1681k(a)(1).

24. Additionally, Defendants do not maintain strict procedures designed to insure that the public records information they report is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If Defendants had maintained such procedures, they would not have records belonging to another individual reporting on Plaintiff's consumer report.

25. Plaintiff, who had begun work at Rumco pending the results of his background check, was subsequently sent home from work and denied employment at Rumco. Plaintiff was informed by Rumco that the basis for this denial was the inaccurate information that appears on

Plaintiff's consumer report and that the inaccurate information was a substantial factor for the denial.

26. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**Count One – Violations of the FCRA**
**(Plaintiff v. Verisk and IntelliCorp)**

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Defendants were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

31. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681k(a).

34. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Jury Trial Demand

35. Plaintiff demands trial by jury on all issues so triable.

### Prayer For Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

### Designation of Trial Counsel

Plaintiff hereby designates John Soumalis as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

**Arbitration Certification**

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   _/s/ Mark D. Mailman_
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: July 10, 2013